## HAYMES v. HAYMES.

Court of Appeals of Kentucky.

June 11, 1954.

Lovett, Lovett & Lovett, Benton, for appellant.

Appellee not represented.

COMBS, Justice.

The parties to this controversy are the parents of Donas J. Haymes, Jr., age 13. The mother, Blair Haymes, has appealed from a judgment dismissing her petition for custody of and maintenance for her son Donas, Jr.

The Haymes were married in January, 1940, in Missouri. The appellant at that time was librarian in the public school system and the appellee was working as an automobile mechanic. After the marriage they remained in Missouri until about April, 1940, at which time they moved to Paducah, Kentucky. They remained at Paducah for a short time and then moved to Murray, Kentucky. On October 1, 1940, they left Murray and went to Chicago where they lived for about four years. During this four-year period appellee had approximately a dozen jobs. The parties then returned to Paducah for about three months. The next move was to Champaign, Illinois, where they lived for about three months. From Champaign they moved to Iowa City, Iowa, where they lived from 1949 to 1952 in a house owned by the appellant's mother. During most of their married life the appellee has worked intermittently as an automobile mechanic but like the proverbial rolling stone he has gathered little moss. It appears that the nomadic existence of the parties has been due to appellee's propensity for travel, and it is said in appellant's brief that since appellee testified in this case he again has moved on, taking his young son with him. The attorney who represented him in the trial court has informed the clerk of this court that he does not know appellee's whereabouts and has requested that his name be stricken as his counsel. That request has been granted.

In June, 1952, while the parties were living in Iowa City, the appellee surreptitiously obtained custody of Donas, Jr., and brought him to Paducah. At first father and son lived in Paducah with the father's aunt. After a few months, the aunt having died in the meantime, appellee bought a small tract of land upon which he constructed a cabin. Appellee and his son were living in this cabin under rather primitive conditions at the time this suit was filed.

No useful purpose would be served by further discussion. The chancellor's judgment apparently is based largely upon the fact that Donas, Jr., who appears to be a normally intelligent youth, wants to remain with his father. Ordinarily in custody matters the wishes of a child of this age are entitled to great weight. But under the circumstances of this case we are convinced that it will be to the best interest of the child for his mother to have his custody. She is regularly employed and apparently is in position to maintain the child in a suitable environment. The father, on the other hand, appears to be somewhat irresponsible and either unwilling or unable to provide suitable environment for the child.

Since the custody of Donas, Jr., is to be awarded to his mother; the father should be directed to make regular monthly payments for his support. We think $40 per month would be appropriate under the circumstances shown by the record.

The judgment is reversed for proceedings consistent with this opinion.